No. 635

HELMGOLD v. HELMGOLD et

No. 19884. Supreme Court

On motion to certify. Dock. June 10, 1926.

997. REAL PROPERTY—When a deed has been executed and delivered may the Probate Court inquire into the circumstances at a hearing and declare said deed to be a mortgage after the grantor's decease?

This action was brought originally in the Lucas Common Pleas by Mary Helmgold as administratrix of the estate of Emil Helmgold, her husband, to sell certain real property and in this proceeding Gustave Helmgold was made a party defendant.

It appears that prior to the death of the intestate Emil was indebted to Gustave and executed and delivered to him a deed upon the property in question. The administratrix contends that the deed was given merely to secure a debt and should be declared a mortgage.

The judgment of the Probate Court in declaring the deed to be a mortgage was affirmed by the Common Pleas and the Appeals.

Gustave Helmgold in the Supreme Court contends:

1. That the indebtedness was the consideration for the deed.

2. That the deed being absolute on its face the title passed to the grantee therein named.

3. That the court was without jurisdiction to grant an order for the sale of the property.

Attorneys—L. C. Feighner, Bucyrus, and C. A. Meckl, Toledo, for Pltf.; Conn & Holloway, Toledo, for Deft.

No. 636

HITZ et v. TELLING et

No. 19862. Supreme Court

On motion to certify. Dock. June 4, 1926.

313. CORPORATIONS—Where a stockholder of a corporation for himself and other stockholders filed suit for an accounting of profits arising from the fraudulent assignment of a contract and seeks a mandatory injunction for its surrender and an accounting, may a court separate the rights arising under the contract from the right to an accounting of the profits and refuse the injunction on the ground of laches of the petitioning stockholder when the other stockholders in whose behalf the suit was brought were not guilty of laches?

J. P. Hitz on his own behalf and for all other stockholders of The Telling-Bell-Vernon Company brought this action originally in the Cuyahoga Common Pleas against W. E. Telling and other directors of said company and O. F. Laboratories Company in which an accounting for profits arising from the fraudulent assignment of a contract to the Laboratories Company and a mandatory injunction ordering the return of the assets and rights was sought.

It appears that three directors of the Telling-Bell-Vernon Company fraudulently assigned a certain contract for the manufacture of S. M. A. Food to the O. F. Laboratories Company, which company was controlled by said directors.

The Common Pleas granted a temporary injunction and later upon the finding of fraud made the injunction permanent thereby ordering the return of the contract and an accounting of the profits.

The Appeals referred the matter to a referee who found the existence of fraud and also that Hitz had committed laches and was thereby barred from claiming the contracts in a court of equity. Thereupon the Appeals refused the injunction but granted an accounting of the profits. The referee applied to the court for $1500 as compensation for services rendered and the court allowed a fee of $3000.

Hitz in the Supreme Court contends:

1. That the other stockholders should not be barred from the remedy of an injunction because of his laches.

2. That the defense of laches does not apply when the party against whom the injunction is sought was not injured thereby.

3. That the rights arising under the contract and the net profits thereunder cannot be separated.

Attorneys—Wood & Long, Cleveland, for Pltf.; Tolles, Hogsett, Ginn & Morley, Cleveland, for Deft.